Joseph W. WILLARD, Jr., et al.,
Plaintiffs-Appellants,

v.

The CITY OF BEAUMONT, a Political Sub-Division of the State of Texas and Kenneth Wall, City Attorney, Defendants-Appellees.

No. 84–2453
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 3, 1985.

Elmo R. Willard, III, Beaumont, Tex., for plaintiffs-appellants.

Tony L. Chauveaux, Beaumont, Tex., for defendants-appellees.

Lane Nichols, City Atty., Beaumont, Tex., for City of Beaumont & Kenneth Wall.

Before GEE, JOHNSON and DAVIS, Circuit Judges.

PER CURIAM:

Plaintiffs brought this action for damages under 42 U.S.C. § 1983, et seq. asserting that defendants took plaintiffs' property without compensation, in violation of rights secured to the plaintiffs by the fifth and fourteenth amendments. The district court dismissed plaintiffs' complaint for failure to state a claim. We affirm.

I.

The City of Beaumont, Texas, purchased a 246-acre tract of land from defendants, W.A. Hebert III and Clyde D. Hebert. The Heberts had record title to most of the land in the tract but their claim of ownership to 35.5 acres of the tract was by virtue of adverse possession. Plaintiffs assert that before the sale of the property, the city caused the Heberts to file a notice of lis pendens in the county title records asserting prescriptive ownership of this 35.5-acre parcel.

Plaintiffs assert that they own the 35.5-acre parcel and that the city knew of their ownership before the city purchased the property from the Heberts. Plaintiffs do

not allege that defendants have denied them any of the traditional ownership rights in the property. Rather, plaintiffs contend that by impugning the validity of their title, defendants have diminished the market value of plaintiffs' property and thereby have taken "constructive use and possession" of that property. Plaintiffs sue for the value of the 35.5-acre parcel and attorney's fees.

### II.

The narrow question presented by this case is whether a city, by filing a public claim of ownership to property adverse to the record owner of the property, thereby "takes" the property and triggers the right of the record owner to recover just compensation under the fifth and fourteenth amendments.

Plaintiffs allege that when the Heberts filed a notice in the public records claiming ownership of plaintiffs' property, the marketability of the property was impaired and the market value diminished. Every destruction of or injury to property by governmental action, however, is not a taking. *Pruneyard Shopping Center v. Robins,* 447 U.S. 74, 82, 100 S.Ct. 2035, 2041, 64 L.Ed.2d 741 (1980) (citing *Armstrong v. United States,* 364 U.S. 40, 48, 80 S.Ct. 1563, 1568, 4 L.Ed.2d 1554 (1960)). The Court in *Kirby Forest Industries, Inc. v. United States,* — U.S. —, 104 S.Ct. 2187, 2197, 81 L.Ed.2d 1 (1984) noted that "impairment of the market value of real property incident to otherwise legitimate government action ordinarily does not result in a taking." Such fluctuations in value are non-compensable "incidents of ownership" of real property. *Agins v. City of Tiburon,* 447 U.S. 255, 263, 100 S.Ct. 2138, 2143, 65 L.Ed.2d 106 n. 9 (1980) (quoting *Danforth v. United States,* 308 U.S. 271, 285, 60 S.Ct. 231, 236, 84 L.Ed. 240 (1939)). The Court held in *Kirby* that the government's good faith commencement of condemnation proceedings does not constitute a "taking" of property, even though the commencement of such proceedings may diminish the market value of the property. 104 S.Ct. at 2196–97. We held in *Frazier v. Lowndes County, Mississippi Board of Education,* 710 F.2d 1097, 1101 (5th Cir.1983) that a *threat* to terminate a leasehold did not amount to a taking of that interest.

In the context of the issue presented for decision in this case, we perceive no distinction between the interference with the economic value of property which results from the institution of condemnation proceedings and the interference which was alleged in this case when the defendants filed an adverse claim of ownership.[1] Plaintiffs continue to retain all of the "property" they held prior to defendants' assertion of a contrary claim. Plaintiffs have therefore failed to allege the deprivation of any constitutionally cognizable property interest and the district court properly dismissed plaintiffs' complaint.

AFFIRMED.

---

1. While plaintiffs allege that their title is superior to that held by the city, plaintiffs do not allege that the defendants filed the adverse claim in bad faith. We express no opinion as to whether the assertion in bad faith of an adverse claim of title in these circumstances would constitute a taking of plaintiffs' property.